UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MA SAW WIN,

                              Plaintiff,

               -against-                            **COMPLAINT**

DALIA ELKOMY;
CONSULATE GENERAL OF THE ARAB REPUBLIC
OF EGYPT

                              Defendants
-------------------------------------------------------------------X

        Plaintiff as and for her complaint as against the defendants alleges as follows:

### NATURE OF THE ACTION

1.     This action is brought to recover sums due the plaintiff as a result of assault and battery, harassment, prima facie tort, negligence, negligent and intentional infliction of emotional harm, prima facie tort committed by defendants their respective agents, servant employees and assigns; to recover sums due plaintiff in connection with her employment by defendants; to recover sums due plaintiff in connection with her work related injuries for which she was not covered by workers compensation coverage; to recover sums due plaintiff for unpaid overtime pay, vacation pay, sick pay, dental and

medical insurance and accumulated deferred or retirement or other benefits due her.

2.      The plaintiff was employed at the location of the CONSULATE GENERAL OF THE ARAB REPUBLIC OF EGYPT in New York for more than seventeen years as Service Staff.

3.      Her initial contract of employment provided among other things that she be paid a monthly salary, defined her work hours and days, provided that she be paid at the end of the month, that she be covered by medical and dental insurance, that her employment would be for an initial period of three years, that after one year of employment that she would be entitled to one month's vacation each year.

4.      At times she was directed to and required to travel to and to remain at 11109 Tommye Lane, Reston, Virginia 20194 to perform work; it is believed that location is a residence of defendant DALIA ELKOMY and HISHAM AL NAQIB, who are respectively the wife of and the New York Consul General for the defendant CONSULATE GENERAL OF THE ARAB REPUBLIC OF EGYPT.

5.      Plaintiff seeks damages due her under applicable law and regulation and agreement and contract.

## JURISDICTION

6.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1605 and 28 U.S.C. §1331 and §1332 and §1337.

## VENUE

7.      Venue is proper in the Eastern District of New York under 28 U.S.C.

§1391, as plaintiff resides in Queens within the Eastern District of New York.

## THE PARTIES

**Plaintiff**

8. Plaintiff is an individual who at all relevant times resided in and still resides in Queens County.

**Defendants**

9. Defendant CONSULATE GENERAL OF THE ARAB REPUBLIC OF EGYPT is located in New York County where it conducts business.

10. Defendant DALIA ELKOMY is believed to be the wife of Consul General HISHAM AL NAQIB and that at all relevant times herein she acted as an agent, servant or employee of the defendant CONSULATE GENERAL OF THE ARAB REPUBLIC OF EGYPT and it is believed that she resides in New York County.

11. On or about July 27, 2018 the plaintiff was violently and maliciously assaulted by and struck by defendant DALIA ELKOMY while she was performing her duties as Service Staff. This was an incident that occurred while the plaintiff was working in the kitchen unloading the dishwasher. Plaintiff was holding a platter and defendant DALIA ELKOMY forcibly grabbed it from her and then used the platter to strike the plaintiff upon her hands all while defendant DALIA ELKOMY was actively berating the plaintiff in what can only be described as an outrageous, demeaning, threatening, humiliating and malevolent manner; such incident has resulted in the plaintiff suffering pain and injury with resulting damaged; that while so acting defendant DALIA ELKOMY

was acting as an official or employee of or in other authorized capacity for the defendant CONSULATE GENERAL OF THE ARAB REPUBLIC OF EGYPT and within the scope of her status as official or employee of or in other authorized capacity for the defendant CONSULATE GENERAL OF THE ARAB REPUBLIC OF EGYPT; that the defendant CONSULATE GENERAL OF THE ARAB REPUBLIC OF EGYPT is responsible for her acts.

12. Following that event, and under doctor's orders, the plaintiff was not able to return to work and ultimately underwent surgery and also provided to the defendant notice of her inability to return to work as well as her desire never to return to work under those circumstances so as to give such notice as was required under Egyptian Labor Law for an employee such as her with her years of service. She has through her attorney given such notice to and sought direction from and clarification from the defendants as to what notice was required by them to terminate her employment, how much time and by what means such notice was to be given by plaintiff of her intention and desire not to return to work and for how long and under what conditions she must return to work at all such inquiry having been made in an effort by her to preserve and define her rights make claim for whatever employee benefits she might be due based on her years of service and the terms and conditions of her employment and under applicable law and the existing facts and circumstances.

13. She has demanded that she be paid what she is owed for work performed, for unused and uncompensated sick days and vacation days, that her dental and medical

insurance be provided, that she receive what sums she is due as and for deferred compensation or retirement based on her years of service and otherwise receive what sums and what benefits she is due under the facts and circumstances.

14. During her years of service she worked long hours sometimes seven days a week and sometimes much longer than eight hours a day even though her contract provided that she work 9AM to 4PM and only on Mondays through Fridays; she was paid monthly but never received an accurate statement listing: the dates of work covered by that payment; the name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether he was being paid by the hour, shift, day, week, salary, piece, commission, or otherwise; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed and net wages.

15. Even when she was obligated to go to and remain at the Virginia location described above she was obligated to work seven days a week essentially on call twenty-four hours a day.

16. It is believed that there are other former employees who worked at the Consulate who have been similarly coerced, harassed and treated in an inhumane and intolerable manner by defendant DALIA ELKOMY and it is further believed that she acted in such manner with purpose to cause and coerce those employees to leave employment and by doing so to interfere with or prevent them from seeking enforcement

of their rights as employees whether for deferred compensation or retirement benefit or other benefits due them under the facts and circumstances.

17. It is believed that the plaintiff under her employment contract, applicable law was entitled to receive for her more than seventeen years of service a payment equal to one month's salary for each year of her employment which has not been paid to her.

18. In addition, defendants have terminated plaintiff's health insurance coverage following her last day of employment thereby denying her further medical care coverage or causing her to expend her own funds to obtain such care now and in the future.

19. Defendants have not provided to the plaintiff workers compensation coverage as required by applicable law.

20. Defendants have not paid to the plaintiff sums she is due for work she performed in excess of forty hours per week in accordance with the applicable law and regulations under which she worked.

21. Defendants have not paid plaintiff what she is due under the contract of employment and/or based on her employment.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

a. Finding that defendants are jointly and severally liable for damages both compensatory and punitive based on the facts and circumstances;

  b. Awarding the plaintiff damages as against defendants jointly and severally liable for damages both compensatory and punitive based on the facts and circumstances;

  c. Finding that defendants are in breach of the contract of employment and assessing damages;

  d. Finding that the defendants have violated the overtime wage provisions of the FLSA and NYLL by failing to pay plaintiff what she is due for the overtime work hours she work performed;

  e. Finding that the defendants failed to comply with NYLL Section 195(3);

  f. Awarding damages as a result of the defendants' failure to furnish accurate statements with each payment of wages to the plaintiff pursuant to the NYLL;

  g. Awarding plaintiff liquidated damages;

  h. Awarding plaintiff pre-judgment and post-judgment interest under the applicable law;

  i. Awarding plaintiff sums she is due for deferred compensation or retirement benefits or other benefits she is due under the facts anc circumstances;

  j. Awarding the plaintiff pre-judgment and post-judgment interest under the applicable law;

  k. Awarding plaintiff a sum representing reasonable attorneys' fees;

  l. Awarding the plaintiff the costs and disbursements of this action;

  m. Awarding plaintiff such other relief as the court deems just and proper;

n.  Granting the plaintiff a jury trial.

Dated: Kew Gardens, New York
       January 7, 2019

_____
JONATHAN SILVER ESQ. (7924)
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 316
Kew Gardens, New York 11415
(718) 520-1010